# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 24, 2017

155688 & (12)

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ANTHONY WILKINS,
      Defendant-Appellant.

SC: 155688
COA: 337397
Kent CC: 16-002285-FH;
16-002288-FH

_____/

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the April 21, 2017 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the February 24, 2017 orders of the Kent Circuit Court denying the defendant's motion for reduction of his jail sentence, and we REMAND this case to the circuit court for reconsideration of the motion. Pursuant to MCL 801.257, "a county jail prisoner may receive, if approved by the court, a reduction of one-fourth of his term if his conduct, diligence, and general attitude merit such reduction." *Kent County Prosecutor v Kent County Sheriff*, 425 Mich 718, 736 n 25 (1986). This statute does apply to the defendant, who is a county jail prisoner. The statute's application is not limited to prisoners who have already requested and been granted work release pursuant to other sections of the day parole act. On remand, the trial court shall consider whether to grant the requested relief and issue a ruling within 14 days of the date of this order.

We do not retain jurisdiction.

MARKMAN, C.J. I would deny leave to appeal. Although MCL 801.257 does not expressly state its exclusive application to "day parolees," the "day parole of prisoners" act of 1962, MCL 801.251 *et seq.*, of which MCL 801.257 is a part, contained a total of eight sections and each of its seven *other* sections pertained only to "day parolees." 1962 PA 60. From this context, I conclude that § 7 of the act, MCL 801.257, is similarly focused.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 24, 2017



d0516

Clerk